IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  | |
|---|---|---|---|
| CHERYL ESTRADA, | ) | | |
| | ) | | |
| Plaintiff, | ) | Civil Action File No.: | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) | **COMPLAINT WITH JURY TRIAL DEMAND** | |
| | ) | | |
| Defendant | ) | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Cheryl Estrada, is a natural person who resides in Carollton County, Georgia.

2. Defendant, Midland Credit Management, Inc., is a corporation authorized to do business in Georgia. Defendant may be served with process via its

1

registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 44-year old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Because of her being unable to engage in employment activity, the Plaintiff has fallen behind on a number of consumer accounts. As a result, she has received numerous telephone calls and letters from a variety of collection agencies including the Defendant.

14. On May 4, 2020 the Plaintiff caused to be mailed to the Defendant a letter which bore both her address and the account number utilized by the Defendant advising that she was permanently disabled and unable to return to work and that she would "not be making any payments on this account." That letter was sent by certified mail with the tracking number 9171969009350249498108. A copy of this letter is filed herewith as Exhibit 1.

15. Plaintiff's letter of May 4, 2020, was delivered to and received by the Defendant on May 8, 2020 at 12:01 p.m. A copy of the USPS tracking document as downloaded from the USPS website is filed herewith as Exhibit 2.

16. Notwithstanding the Defendant's direct knowledge of the Plaintiff's disability and inability to earn income and, specifically, her written notice that she would not be making a payment on the account in collection, the Defendant sent an additional letter seeking to collect the same account dated June 14th, 2020. A copy of this letter is filed herewith as Exhibit 3.

## INJURIES-IN-FACT

17. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

18. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

19. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

20. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

21. Defendant's acts and omissions caused particularized harm to the Plaintiff in that Defendant's rejection of the Plaintiff's statutory right to cease communication by the Defendant has caused her significant stress and anxiety.

22. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

23. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to unfair and, under the Plaintiff's particular circumstances, unconscionable debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's continuing collection efforts; and,

c.) Anxiety and worry caused by concern that Plaintiff was going to continue seeking payment of a disputed debt through direct contact despite Plaintiff's clear representation that she would not pay the debt claimed. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

24. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully stated herein.

***Violations of 15 U.SC. § 1692c and subparts***

25. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except – (1) To advise the consumer the debt collector's further efforts are being terminated; (2) To notify the consumer that debt collector or creditor may invoke specified remedies which are ordinarily invoked by this debt collector or creditor; or (3) Where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.  If such notice from the consumer is made by mail, notification shall be complete upon receipt.

26. The Defendant's communication dated June 20, 2020, was a violation of 15 U.S.C. 1692c(c).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

**O.C.G.A. § 10-1-390, et seq.**

27. Plaintiff incorporates by reference paragraphs 1 through 23 and 25 through 26 as though fully stated herein.

28. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

29. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

30. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

31. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

32. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

33. Defendant's conduct has implications for the consuming public in general.

34. Defendant's conduct negatively impacts the consumer marketplace.

35. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

36. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

37. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

38. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

39. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 16th day of August, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*